# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

**ELIZABETH L. PERRIS**
CHIEF BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1536

DIANE K. BRIDGE, LAW CLERK
MARGOT LUTZENHISER, LAW CLERK

## NOT FOR PUBLICATION

January 26, 2009

Keith Ketterling
209 SW Oak St. #500
Portland, OR 97204

Tara Schleicher
121 SW Morrison St. #600
Portland, OR 97204


      Re:   <u>Batlan v. WT Consulting, Inc. et al.</u>,
            Adv. Pro. No. 08-3196-elp
            Motion to Dismiss

Dear Counsel:

The purpose of this letter is to rule on the defendants' motion to dismiss all the claims in the adversary proceeding brought against them by the plaintiff liquidating agent under the chapter 11 plan confirmed in the Thompson & Walters Nursery, LLC case.

Defendants owned Thompson & Walters Nursery Sales, Inc. ("T&W #1"), an Oregon corporation, which operated a plant nursery. Defendants sold their nursery's assets to Thompson & Walters Nursery Sales Acquisition LLC ("T&W #2"). T&W #2 was organized under Delaware law and was set up for the purpose of buying T&W #1's assets and assuming operations. Both businesses changed their names at one point, but for the sake of simplicity I will refer to them as "T&W #1" and "T&W #2." T&W #2 failed. It filed chapter 11 and liquidated its assets. The chapter 11 plan liquidating agent brought this adversary proceeding to avoid the asset sale as a fraudulent conveyance and to recover for alleged breach of fiduciary duty.

For the reasons explained on the record at last week's hearing, I will deny the motion to dismiss the fraudulent

conveyance claims (first four claims). I reserved ruling on the motion to dismiss the fifth claim, the claim for breach of fiduciary duty. It is that claim that I address in this letter.

According to the complaint, James Thompson and Scott Walters breached the fiduciary duties they owed to: (1) T&W #1 (as officers and directors), (2) T&W #2 (as officers and managing committee members), and (3) both businesses' unsecured creditors. For purposes of the breach of fiduciary duty claim, plaintiff treats T&W #1 and T&W #2 as one entity and refers to them as "Thompson & Walters Nursery." Complaint, ¶ 55.

Defendants attack the sufficiency of this claim on two bases, discussed in turn below.

## 1. Standing

Defendants argue that plaintiff lacks standing to bring a claim for breach of fiduciary duty with respect to T&W #1. They do not question plaintiff's standing to bring a claim with respect to T&W #2.

To overcome defendants' standing challenge as to T&W #1, plaintiff argues (and alleges in his complaint) that the court should collapse the transactions involved in the asset sale and consider them as integrated transactions that form a "single integrated plan." Complaint, ¶ 34. Plaintiff relies on In re Hechinger Inv. Co. of Del., Inc., 274 B.R. 71 (D. Del. 2002), to support collapsing the transactions. In Hechinger, the court refused to allow the defendants to dismiss the plaintiff's claim by relying on the structure of the deal. Id. at 91 ("Courts thus focus 'not on the structure of the transaction but the knowledge of intent of the parties involved in the transaction,'" quoting Wieboldt Stores, Inc. v. Schottenstein, 94 B.R. 488, 502 (N.D. Ill. 1988)).

Hechinger deals with a leveraged buyout ("LBO") situation. In that case, two sets of defendants moved to dismiss breach of fiduciary duty claims against them. One set argued that, because they were no longer officers or directors when the LBO occurred, they did not owe any fiduciary duties to the debtor. Id. at 76 (they were officers and directors of the original company before a merger and buyout). A second set of defendants argued that there was no viable claim against them because, at the time of the LBO, their shares were being held in a voting trust over which they had no control. The court found that, at the motion

to dismiss "stage of the case, the court is reluctant to conclude that because the defendants structured the set of transactions in a certain manner, they are immune from a claim of breach of fiduciary duty, especially where the Committee alleges that the harms it complains of were foreseeable results of acts of the defendants." <u>Id</u>. at 91.

The structure of the deal in <u>Hechinger</u> was significantly more complex than in this case. <u>Id</u>. at 78-79 (it involved a number of intermediate steps, including a merger of two failing hardware stores and LBO-funded stock sales). It also did not involve an Oregon corporation as does this case. Plaintiff has not alleged that Oregon law provides a basis for collapsing T&W #1 into T&W #2. <u>See</u> <u>e.g.</u> <u>Schlect v. Equitable Builders, Inc.</u>, 272 Ore. 92 (Or. 1975) (articulating the standard for disregarding "the corporate entity of one corporation and treat[ing] it as the alter ego of another"); <u>Amfac Foods, Inc. v. Internat'l Systems & Controls Corp.</u>, 294 Or. 94, 654 P.2d 1092, 1096 (1982)(setting out the standard for piercing a corporate veil). Counsel for plaintiff suggested at oral argument on the motion to dismiss that the facts alleged would be adequate under Oregon law to allow such collapsing, or piercing, but plaintiff has not pled that. Plaintiff has failed to demonstrate that <u>Hechinger</u> should be applied under Oregon law, which applies to T&W #1. Defendant's motion to dismiss the breach of fiduciary duty claim as to T & W #1 will be granted with leave to replead.

## 2. Business Judgment Rule

Defendants argue that the portion of plaintiff's claim for breach of fiduciary duty that relates to T&W #2 must be dismissed because it does not overcome the business judgment rule. T&W #2 is a Delaware LLC, and thus Delaware state law applies. Defendants rely heavily on <u>McMichael v. United States Filter Corp</u>., 2001 U.S. Dist. LEXIS 3918 (C.D. Cal. Feb. 22, 2001), which is a California district court case that applies Delaware law. Most of the other cases cited by defendants come from <u>McMichael</u>.

The business judgment rule raises a presumption that "directors' decisions are made in good faith and are based upon sound and informed business judgment." Defendants' Memorandum in Support of the Motion to Dismiss, p.7; <u>McMichael,</u> 2001 U.S. Dist. LEXIS at 29 (<u>quoting</u> <u>Unocal Corp. v. Mesa Petroleum, Co.</u>, 493 A.2d 946, 958 (Del. 1985)). Defendants argue that plaintiff's claim is legally insufficient, because when a plaintiff has

claims against minority board members, the plaintiff must allege
either: (1) a majority of the board had a conflict of interest or
(2) the minority board members tainted the decision making
process.

    As a preliminary matter, my decision (at argument) not to
admit Thompson's declaration and associated documents, coupled
with the lack of clarity in the complaint regarding what
positions Thompson and Walters held at T&W #2, makes it unclear
whether the business judgment rule has any application.  In
paragraph 21 of the complaint, plaintiff alleges that, "On
December 10, 2004, Defendant James Thompson was elected President
and Chief Executive Officer of T&W #2, and Defendant Scott
Walters was elected Executive Vice President of T&W #2.  James
Thompson and Scott Walters were also members of the management
committee of T&W #2 after the buyout."  It is unclear from the
complaint whether Thompson and Walters were directors of T&W #2.
Paragraph 55 of the complaint alleges that they were "officers
and managing committee members of T&W #2."  It is also unclear
whether the claim for breach of fiduciary duty is intended to
relate to their role as officers or possibly also as directors.
The business judgment rule relates only to director's decisions.
Defendant's motion to dismiss claim # 5 as it relates to T&W #2
will be granted.  If plaintiff repleads, he will need to clarify
the basis of the claimed fiduciary duty of defendants Thompson
and Walters, in particular whether they were directors of T&W #2.

    Assuming that plaintiff can plead that Thompson and Walters
were directors, I will comment on the business judgment
arguments, because they will recur.  Plaintiff argues that the
court should disregard the cases cited by defendants because they
use the Delaware state law pleading standard (fact pleading)
instead of the federal standard (notice pleading).  <u>See</u> <u>In re
Tower Air, Inc.</u>, 416 F.3d 229, 235-236 (3d Cir. Del. 2005)
(pointing out that applying "Chancery Rule 8 in federal court
makes some intuitive sense," because its language mirrors Fed. R.
Civ. P. 8, however the "problem is that Delaware courts interpret
Chancery Rule 8 to require pleading facts with specificity").
The federal pleading standard only requires claims for relief to
contain "(1) a short and plain statement of the grounds for the
court's jurisdiction . . . ; (2) **a short and plain statement of
the claim showing that the pleader is entitled to relief**; and (3)
a demand for relief sought . . . ".  Fed. R. Civ. P. 8(a) (made
applicable to adversary proceedings through Fed. R. Bankr. P.
7008) (emphasis added).  In this case, I will apply the federal
notice pleading standard.

I recognize that the cases regarding whether a plaintiff must plead around the business judgement rule are divided.  I am more persuaded by the reasoning in the line of cases that holds that "a ruling on the applicability of the business judgment rule is peculiarly a question of fact, wholly inappropriate for consideration on a motion to dismiss."  <u>Federal Sav. & Loan Ins. Corp. v. Musacchio</u>, 695 F. Supp. 1053, 1064 (N.D. Cal. 1988). The business judgement rule is a defense.  <u>Id.</u>; <u>see</u> <u>also</u> In <u>Shamrock Holdings, Inc. v. Arenson</u>, 456 F. Supp. 2d 599, 609 (D. Del. 2006) (stating that the business judgement rule is an affirmative defense that will not "trigger dismissal of a complaint under Rule 12(b)(6)").  Under the federal notice pleading standard, a plaintiff is not required to preemptively plead around defenses not alleged in his complaint.  <u>Shamrock Holdings</u>; 456 F. Supp. 2d at 609-10; <u>see</u> <u>also</u> <u>Musacchio</u>, 695 F. Supp. at 1064.  In this case, plaintiff did not make any allegations about the business judgment rule in his complaint.

In conclusion, defendants' motion to dismiss will be denied as to claim #1 - #4 and granted as to claim #5 with leave to replead.  Plaintiff should submit an order so providing within ten (10) days of the date of this letter.

Very truly yours,

ELIZABETH L. PERRIS
Bankruptcy Judge